(109 So. 763)

**WOODALL v. STATE.    (7 Div. 238.)**

(Court of Appeals of Alabama.    June 29, 1926. Rehearing Denied Aug. 31, 1926.)

**Intoxicating liquors** ⬅238(2).

Question of defendant's guilt for distilling prohibited liquors and for possessing still for that purpose *held* under evidence for jury; the corpus delicti being proved and there being some evidence incriminating defendant.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Cicero Woodall was convicted of violating the Prohibition Law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Woodall v. State, 109 So. 763.

Isbell & Scott, of Ft. Payne, for appellant.

Counsel argue for error in refusing the affirmative charge for defendant, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. There were two counts in the indictment, one for distilling prohibited liquors, etc., and the other for possessing a still to be used for that purpose. The defendant was convicted, and appeals.

There were several exceptions reserved to the rulings of the court upon the testimony, but we discover no reversible error in any of these rulings.

The principal insistence of error is the refusal of the court to give the general affirmative charge for defendant upon the theory of the insufficiency of the evidence to establish the guilt of the defendant under the required rules.

The corpus delicti was proven without dispute, and, after reading all the evidence in this case and carefully considering it, we are of the opinion that a jury question was presented. The evidence disclosed without dispute that a complete still and large quantity of beer was found, and there was evidence tending to show that this defendant, on the day before the still, beer, etc., was destroyed by the officers, "come down and toted up some wood and cut it up and went off on a bluff and pitched off some more wood." Also that on the next day, while the officers were watching the still, the defendant came upon the bluff and threw wood off, nearly on the spot where one of the officers was lying down watching the still. All this evidence defendant denied. He also denied all knowledge of the containers, funnel, measuring pot, etc., which the officers testified to having found along the path leading from the still to defendant's house. There was also evidence of flight, of which the defendant offered his explanation. These were jury questions, and the lower court properly so held.

Finding no error, the judgment of conviction appealed from is affirmed.

Affirmed.